## Etzler et ux. *v.* Evans.

.Mortgage.—*Release of Procured by Fraud.—Constructive Notice.*—When a mortgagee has duly entered satisfaction of his mortgage of record, even though induced so to do by fraudulent and false representations of the mortgagor, such record ceases to be constructive notice of the existence of such mortgage.

Same.—*Actual Notice.—Written Acknowledgment that Release is Void.—Subsequent Purchaser.—Sheriff's Sale.*—A written notice by the mortgagor in such case, afterward attached by him to the record of such satisfied mortgage, reciting that the consideration for such release has failed, and that therefore the mortgage is still in force, is constructive notice to no one; and a subsequent purchaser of the mortgaged property, without actual notice of the non-payment of the mortgage, takes the same free therefrom, even though he claim by virtue of a title based on a sheriff's sale made subsequent to the entry of satisfaction.

Same.—*Purchaser With, From Purchaser Without, Notice.*—Where, subsequent to such entry of satisfaction, one having no actual notice of such non-payment, purchases the mortgaged property at sheriff's sale, an assignee of his certificate of sale takes the property free of such mortgage,

though at the time of taking such assignment an action, to which he was a party defendant with the mortgagor, was pending to foreclose the mortgage, and had actual notice of its non-payment.

From the Hamilton Circuit Court.

*D. Moss* and *F. M. Trissal,* for appellants.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

NIBLACK, J.—This proceeding was commenced as an action, by Rebecca A. Etzler and John W. Etzler, her husband, to foreclose a mortgage against John F. Mc-Clellan and Jane W. McClellan, his wife.

The complaint represented, in substance, that, on the 25th day of December, 1869, the said McClellan and wife executed a mortgage on certain real estate in Hamilton county, to the said Rebecca A. Etzler, to secure the payment of two promissory notes, one for eight hundred dollars, and the other for three hundred and fifty dollars; that said mortgage was recorded in the recorder's office of Hamilton county, on the 3d day of January, 1870; that, after the recording of said mortgage, to wit, on the 14th day of July, 1870, the said Rebecca A. Etzler entered an acknowledgment of satisfaction on the margin of the record of said mortgage in the recorder's office, as follows:

" The debt secured by this mortgage being fully paid and satisfied, I hereby release and forever discharge the same from record, this 14th day of July, 1870.

"REBECCA A. ETZLER.

" Attest, M. W. ESSINGTON, R. H. C."

That the said Rebecca A. Etzler, at the time a married woman, was induced to enter satisfaction, as aforesaid, of said mortgage, by the said John F. McClellan, who was then her stepfather, and a person in whom she had at the time implicit confidence, he falsely and fraudulently representing to her that he had entered into an agreement with one Jesse F. Jackson to exchange the lands mentioned in the mortgage for other valuable real estate, which other real estate was to be conveyed to him imme-

diately upon the entry of satisfaction of said mortgage,. and upon which he, the said McClellan, would execute a mortgage to her to secure his indebtedness to her, in place of the mortgage which he wished her to enter satisfied as. aforesaid; that it was necessary for her to enter such satisfaction, in order to enable him to make such exchange, and that he would execute the new mortgage without any expense to her; that the said Rebecca A.. Etzler, relying on said representations of the said John F. McClellan, and believing them to be true, and for no other consideration whatever, did enter satisfaction on the record of the mortgage to her, herein sued on, as. above set forth; that, soon after the entry of satisfaction as aforesaid, the said Rebecca A. Etzler ascertained that the said representations of the said John F. McClellan were false and fraudulent, and a mere trick and device to free the mortgaged land from the incumbrance of the mortgage, and that he had not consummated, and did not expect to consummate, any agreement for the exchange of said land for other real estate, and had no power or ability to execute to her a mortgage on other real estate to secure his debt to her; that thereupon she demanded of him that the entry of satisfaction aforesaid should be stricken from the record of said mortgage, but that the recorder of the county would not permit that to be done,. whereupon the said John F. McClellan attached to the record of said mortgage the following notice:

"The consideration for which this satisfaction was entered on this mortgage has wholly failed, and the same remains in full force and binding as fully as if there had been no acknowledgment of payment of the same.

"July 31st, 1870.

"JOHN F. McCLELLAN."

Which said notice has remained so attached to said mortgage record ever since the day on which it was attached to the same, as aforesaid.

The complaint further represented that certain mistakes.

were made in the execution both of the notes and the mortgage, concluding with the prayer that the said entry of satisfaction be declared null and void; that the alleged mistakes be corrected; that the plaintiff have judgment on the notes, with a foreclosure of the mortgage, and all other proper relief.

McClellan and wife made default.

Afterward James L. Evans, the appellee, was, on his own motion, admitted a defendant to the action.

The appellee then answered in five paragraphs.

The first and second paragraphs each set up facts which were averred to amount to a payment and satisfaction of the mortgage, as against the appellee.

The third was a general denial.

The fourth averred the appellee to be the owner in fee-simple of the land described in the mortgage, setting out the manner in which he became the owner of it.

The fifth averred, that the appellee was a purchaser, in good faith and for a valuable consideration, of the mortgaged lands, and without notice, alleging the circumstances under which he became such a purchaser.

The plaintiffs demurred to the fourth and fifth paragraphs of the answer, but their demurrer was overruled.

The plaintiffs replied in general denial of the first, second, fourth and fifth paragraphs of the answer.

Also, in two additional paragraphs, setting up special matter in reply to the fourth and fifth paragraphs of the answer.

Demurrers to the second and third paragraphs of the reply were also interposed and overruled.

The cause was submitted to a jury for trial, and there was a general verdict against the defendant John F. McClellan, for the amount due on the notes, and in favor of the appellee on the issues joined between him and the plaintiffs.

This verdict was accompanied by answers to a series

of interrogatories propounded by the plaintiffs to the jury, in substance, as follows:

1st. Have not the notes and mortgage upon which this suit is founded been in the possession of the plaintiff ever since the same were executed, except since they were placed in the hands of her attorneys for the purpose of being sued on? If not, in whose possession have they been?

Answer. In Rebecca A. Etzler's.

2d. Is it not true that the plaintiff has never been paid any part of the money evidenced by the notes mentioned in the complaint? And were not said notes given as evidence of unpaid purchase-money for the lands mentioned in the mortgage?

Answer. Yes.

3d. Is there not due of principal and interest, on the notes mentioned in the complaint, the sum of $1,487.95? If not, what amount?

Answer. The amount, $1,478.33.

4th. Was not the entry of the satisfaction on the mortgage record placed there by the plaintiff on the 14th day of July, 1870?

Answer. It was.

5th. Was not the written notice attached to the mortgage record at the place where the plaintiff's mortgage is recorded, showing that the consideration for the release had failed, placed there before the 1st day of October, 1870? If not, state when the same was placed there.

Answer. It was.

6th. Was not the original complaint to foreclose the plaintiff's mortgage filed by her in the court of common pleas of Hamilton county, Indiana, on the 13th day of April, 1872?

Answer. It was.

7th. Did not the defendant James L. Evans appear to the original complaint in this cause and file an answer on the 14th day of May, 1872, and did he not file his an-

swer to the amended complaint on the 20th day of Janu-
ary, 1873 ?

Answer.   He did.

8th.   Did not the defendant James L. Evans purchase-
the sheriff's certificate from Daniel Stanton on the 28th
day of October, 1872, and obtain a deed from the sheriff
of Hamilton county on the 6th day of January, 1873?

Answer.   He did.

9th.   Was not the judgment in favor of Daniel Stan-
ton, upon which the lands mentioned in the complaint
were sold, rendered on the 16th day of March, 1871 ?

Answer.   It was.

10th.   Was not the attachment of James L. Evans,.
mentioned in his answer, levied upon the lands men-
tioned in the complaint, on the 17th day of March, 1871?

Answer.   It was.

Answers to certain interrogatories propounded to the-
jury by the defendant Evans were also returned with the
general verdict, but as no question is made upon them,.
we need not set them out or further notice them here.

The plaintiffs thereupon moved the court for a judg-
ment of foreclosure against all the defendants, upon the
special findings of the jury, as above set out, notwith-
standing the general verdict in favor of the defendant
Evans, but the court overruled the motion.   The plain-
tiffs then moved the court for a new trial as to the de-
fendant Evans, but that motion was also overruled, after
which judgment was rendered against the said John F.
McClellan, for the amount found due on the notes, and in
favor of the said Evans, for costs.

Approaching this case from whatever standpoint we-
may, the first and most important question which con-
fronts us is :   Did the statement in writing, which the de-
fendant John F. McClellan attached to the mortgage rec-
ord, alleging that the consideration upon which the entry
of satisfaction of the mortgage had been made had failed,.
operate as constructive notice of the matters contained

in such statement? We are of the opinion that it did not. It was not an instrument which the law authorized to be recorded, or in any manner to be entered upon the mortgage record. When an instrument is improperly recorded, no one is bound to take notice of the record of it. *Reed* v. *Coale*, 4 Ind. 283; *Racouillat* v. *Sansevain*, 32 Cal. 376, 389; *St. John* v. *Conger*, 40 Ill. 535; *Reed* v. *Kemp*, 16 Ill. 445; *Oatman* v. *Fowler*, 43 Vt. 462; Story Eq., sec. 404.

It seems to us, that this rule ought to apply with even greater force, if possible, to instruments which are merely attached to records without authority of law, and not really in any sense recorded.

We are further of the opinion, that, upon the entry of satisfaction on the mortgage record, set out in the complaint, the record ceased longer to be constructive notice of the existence of the mortgage, and that thereafter the mortgage, although still unpaid, stood on the same footing as an unrecorded mortgage. In order, therefore, to make the mortgage thereafter operative against any person claiming title to the mortgaged lands, and not a party to the mortgage, it was necessary to show actual notice of the existence and non-payment of the mortgage. There is no special finding of the jury, showing that Evans ever had such actual notice. Nor was there any thing in the evidence tending to show that he knew of the continued existence and actual non-payment of the mortgage previous to his appearance to this action below, which was more than a year after he had acquired an interest in the mortgaged lands.

We conclude, therefore, that the court did not err in refusing to render a judgment of foreclosure against Evans, on the special findings of the jury, notwithstanding the general verdict; also that the court did not err in overruling the motion for a new trial as to Evans, on the evidence.

Other questions are presented by the record, but, in our

judgment, they are either immaterial to the merits of the cause, or else subordinate to the rules of law above enunciated, and hence we deem it unnecessary that we shall consider them, or otherwise particularly refer to them, in this opinion.

We see no error in the record which is available for the appellants.

The judgment is affirmed, at the appellants' costs.

## ON PETITION FOR A REHEARING.

NIBLACK, C. J.—The appellants have filed a petition for a rehearing, insisting that, as the appellee had not acquired full title to the land in suit under his attachment proceeding before he became a party to this suit, and that, as he did not purchase in Stanton's title until after he had so become a party, we erred, in holding that there was nothing in the record showing that the appellee had notice of the continued existence and actual non-payment of the mortgage sued on, in time to be available to the appellants.

On a further consideration of this cause, we are inclined to the opinion that we did not place the want of sufficient notice to the appellee on its true grounds. At all events, that we did not sufficiently enlarge upon what we desired to be understood as deciding.

It is true, that the special finding of the facts by the jury shows that the appellee did not purchase in the title of Stanton until several months after he had become a defendant to this action, when he must have had full notice of the matters set up in the appellant's complaint; but it is not shown, that, at any time, Stanton had any notice of either the existence or non-payment of the mortgage in question. He is made, therefore, to appear in this proceeding as a purchaser of the land in suit without any such notice. The appellee, although with notice, having purchased of Stanton, who was without notice, is

protected. 2 Sugden Vendors, 8th Am. ed., p. 522; Story Eq., sections 409, 410.

In our estimation, the real point of difficulty with the appellants was their failure to trace actual notice to Stanton, and, in this way, to reach the appellee.

With this explanation, the petition for a rehearing is overruled.

Original opinion filed at November term, 1877.

Opinion on petition for a rehearing filed at May term, 1878.