## LAPPING ET AL. *v.* DUFFY ET AL.

JUDGMENT.—*Receipt, of Record, Acknowledging Payment.—Estoppel.—Subsequent Purchaser of Land Subject to Lien.—Notice.*—A receipt entered by the judgment plaintiff or his assignee, upon the record of a judgment which is a lien upon real estate, acknowledging payment or satisfaction of the same or any part thereof, does not estop such person from explaining, contradicting or setting aside such receipt, even as against a subsequent purchaser of such real estate without notice.

SAME.—*Judgment Assigned as Collateral.—Effect of Payment of Debt.*—Upon payment, by the debtor, of a debt owing from him to the assignee of a judgment assigned to the latter simply as collateral security, the equitable title to the judgment vests in the assignor of the judgment.

SAME.—*Entry of Satisfaction.*—*Statutes Construed.*—Neither section 377, p. 188, nor section 5, p. 334, 2 R. S. 1876, authorize satisfaction of a judgment by a simple receipt entered on the record thereof.

From the Floyd Circuit Court.

*J. H. Stotsenburg* and *W. W. Tuley*, for appellants.

*A. Dowling*, for appellees.

WORDEN, J.—This case has once been in this court, and the decision upon it is reported in 47 Ind. 51, to which we refer for a statement of the principal facts in the cause.

After the case went back from this court, the death of Michael C. Kerr was shown to the court, and his executrix was made a co-plaintiff in the cause with George W. Lapping. The cause was submitted to the court for trial, and the court found there was due to Lapping, on the judgment assigned to him, the sum of $1,037.50, and that nothing was due to the executrix of Kerr, deceased. The plaintiffs made the proper motion for a new trial, but the motion was overruled, and exception taken.

The question arises whether the amount found in favor of Lapping was not too small, and whether there was not something due to the executrix of Kerr.

We may mention here, that Breyfogle, one of the defendants, held the property by virtue of a sale under the incumbrances mentioned in the former opinion in this cause, which were junior to the mortgage from Duffy and wife to McClung, but neither Kerr nor Lapping was a party to the proceedings under which he held.

On the trial of the cause, it appeared that the mortgage executed by Duffy and wife to McClung, and by him assigned to the Ohio Insurance Company, was foreclosed by the insurance company, on June 26th, 1861, for the sum of one thousand seven hundred and ninety dollars, including the amount then due, and to become due thereafter.

This judgment was assigned by the insurance company to Kerr, on September 13th, 1861.

On the same day, September 13th, 1861, Kerr assigned four hundred and thirty-nine dollars and forty-six cents of the last instalment of the judgment, to Eliphalet Hickman, with interest from that date.

Below the assignment is the following receipt or statement:

"The above amount due to Hickman has been fully paid. (Signed,) M. C. KERR, Atty. for H."

Duffy made four payments to Kerr, on the judgment, prior to December 6th, 1862, amounting in all to one hundred and eighty dollars.

On December 6th, 1862, Kerr assigned seven hundred dollars of the judgment to David Robertson, with interest from that date. This amount seems to have been paid by Duffy to Robertson.

On October 4th, 1867, Kerr assigned one thousand five hundred dollars of the judgment to the plaintiff Lapping, with interest from that date.

On the same day, October 4th, 1867, Kerr and Duffy entered into the following written stipulation, viz.:

"October 4th, 1867.

"On full adjustment of the state of the accounts between us this day, in connection with the judgment of the Ohio Ins. Co. against P. Duffy, which was assigned to M. C. Kerr, it is agreed that there remains due and unpaid on said judgment (which has this day been assigned, on the face thereof, to Geo. W. Lapping,) the sum of $1,500; and that there now remains due on the same judgment, to M. C. Kerr, the further sum of $565.33, and that all the residue in full paid by said Duffy; and, on said balance due to said Kerr, said Duffy agrees to pay interest at the rate of eight per cent, and said Kerr agrees to give said Duffy one or more years in which to pay the same.

(Signed,) "M. C. KERR,
"P. DUFFY."

Nothing appears to have been paid upon the judgment

since the above agreement was entered into, except sixty dollars a year for four years, which Duffy paid to Lapping, in pursuance of an agreement to pay four per cent. interest in addition to the legal interest on the judgment.

It will be seen that the agreement between Duffy and Kerr must have been entirely disregarded, otherwise the court must have found a much larger sum as due to Lapping, and a considerable sum due to the executrix of Kerr.

Upon a clear showing of a mistake in estimating the amount due upon the judgment, the mistake might, doubtless, be corrected.

But conceding, for the purposes of this decision, that there was a mistake in estimating the amount due on the judgment at the time of the assignment to Lapping and the execution of the agreement between Kerr and Duffy, and that the court was right in going behind the agreement, there was still an item which the court, from the amount found, must have excluded, that should, in our opinion, have been allowed as part of the amount due on the judgment.

We proceed to consider the item: The facts in relation to the assignment of the four hundred and thirty-nine dollars and forty-six cents of the last instalment of the judgment, to Hickman, are, as shown by the evidence, as follows: This amount was assigned by Kerr to Hickman, as collateral security for the payment of a debt which the Ohio Insurance Company owed Hickman. Afterward, Kerr paid the debt to Hickman, to secure which this part of the judgment had been assigned. Perhaps this was paid with the money of the insurance company, but it is not material. The debt was paid to Hickman, not by Duffy, but by Kerr, and thereupon the amount thus assigned to Hickman properly belonged, in equity, to Kerr. It should have been reassigned to him; but, instead of making a reassignment, it was receipted in the manner above shown. There can

Lapping *et al. v.* Duffy *et al.*

be no doubt, that, as between Hickman, Kerr and Duffy, when Kerr paid the debt, to secure which the assignment was made, this portion of the judgment in equity reverted to Kerr.

But it is claimed, that, as against Breyfogle, an innocent purchaser of the property, the facts explaining this transaction could not be shown. It is claimed, that, as Breyfogle found this part of the judgment assigned to Hickman, and receipted by Hickman, he had the right to presume that it was paid by Duffy, and that the judgment was so far extinguished.

The question seems to be presented, whether a receipt entered by a judgment plaintiff or his assignee, upon the record of the judgment, of a part or all of the judgment, which is a lien upon real estate, is conclusive as against a subsequent purchaser of the property without notice; or whether, as against him, it can be explained, contradicted, and set aside.

An ordinary receipt may be explained, controlled, qualified or contradicted by parol evidence. *Pauley* v. *Weisart*, 59 Ind. 241. If the receipt in the case before us had been upon a detached piece of paper, and had been seen by Breyfogle before making his purchase, it will scarcely be contended that he would have had the right to rely upon it as showing a payment so far of the judgment, to the exclusion of evidence explaining or contradicting it.

We do not see how the receipt in this case can have any greater force and effect than if it had been written upon a separate piece of paper, and not upon the record of the judgment. We have no statute providing for entering such receipts upon the record of judgments, or determining the force and effect of such receipts. It is, to be sure, provided, that " Satisfaction of a judgment, or credits thereon, may be ordered for sufficient cause, upon notice and motion." 2 R. S. 1876, p. 188, sec. 377.

This statute, however, contemplates judicial action, a judicial determination, and has no application to the case before us.

There is a provision in the statute for the entry of satisfaction of mortgages on the record thereof, and the effect of such entry. 2 R. S. 1876, p. 334, sec. 5. Whatever may be the effect of an entry by the mortgagee of satisfaction of a mortgage upon the record thereof, we are clear, that, as the law does not provide for the receipting of judgments upon the record, or the effect of such receipts, they stand upon no other ground than ordinary receipts, and are subject to be explained or contradicted, as against purchasers without notice.

The receipt upon the record, not being provided for by law, was not constructive notice to any one, nor could it work an estoppel in favor of any one. See *Etzler* v. *Evans*, 61 Ind. 56.

The amount of the judgment assigned to Hickman ought to have been regarded as an unpaid portion of the judgment, and treated as if the assignment had never been made.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

NOTE.—HOWK, J., having been of counsel in the cause, was absent when it was considered.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.