The Travellers Insurance Company *v.* Chappelow *et al.*

---

### No. 9239.

### The Travellers Insurance Company *v.* Chappelow et al.

Receipt.—*Evidence.*—*Explanation.*—*Notice.*—*Estoppel.*—*Mortgage.*—*Judgment.* —A party, giving a receipt for the amount of a judgment held by him, may explain it by proof that, in fact, no payment was made; and one who, relying on such receipt, takes a mortgage of lands on which the judgment is a lien, does so at his own risk of the actual truth; he will be charged with notice of the truth, and the receipt is no estoppel upon the holder of the judgment.

Payment.—*Promissory Note.*—*Presumption.*—The giving of an ordinary promissory note for the amount of the maker's liability to the payee is not presumed to be payment.

Same.—*Judgment.*—*Satisfaction.*—*Priority of Liens.*—A party, holding a judgment which has been entered satisfied by the unauthorized use of a receipt given by him, to be operative upon the performance of a condition never performed, may maintain a suit to cancel the satisfaction, establish his priority of lien upon real estate over subsequent liens, and to enforce the collection of his judgment.

From the Howard Circuit Court.

*F. H. Levering, J. C. Blacklidge* and *W. E. Blacklidge,* for appellant.·

*J. F. Elliott, L. J. Kirkpatrick, M. Winfield* and *J. A. Chappelow,* for appellees.

BICKNELL, C. C.—The executors of David Griffith had a decree in foreclosure against Crawford Griffith and Elizabeth, his wife, for the sale of the northwest quarter of section 15, of town 24 north, of range 3 east; the decree was rendered on January 11th, 1861; in March, 1876, they assigned said decree to Adelia Chappelow and Rufus Griffith; the land was advertised to be sold under the decree, on August 12th, 1876. In the meantime, on February 21st, 1863, Crawford Griffith and wife mortgaged to Mary Griffith the north half of section 15 aforesaid, embracing the land covered by the former mortgage, and the adjoining quarter-section on the east. Crawford Griffith died, leaving the mortgage last mentioned unpaid; his widow and co-mortgagor, Elizabeth Griffith, became his administratrix.

In June, 1880, Mary Griffith commenced this suit to foreclose her mortgage, making the said widow and administratrix, and the heirs of Crawford, and several others, defendants; among them the said Adelia Chappelow and Rufus Griffith, and The Travellers Insurance company. Her complaint averred that the decree assigned to Adelia and Rufus had been paid, and that The Travellers Insurance Company claimed to hold another mortgage upon the land mentioned in the complaint, which, however, the complaint averred was junior to the plaintiff's mortgage. The complaint prayed that the defendants should answer as to their interests, and demanded a foreclosure and sale.

Rufus Griffith disclaimed; Adelia Chappelow answered by a general denial; The Travellers Insurance Company pleaded the general denial and payment, to which latter plea there was a reply in denial.

Adelia Chappelow filed also a cross complaint against her

co-defendants and the plaintiff, in two paragraphs; to each of these paragraphs The Travellers Insurance Company demurred; the demurrers were overruled; the insurance company then answered the cross complaint in three paragraphs, to the third of which the said Adelia demurred; her demurrer was sustained; she then replied in denial of the second of said paragraphs; the first of said paragraphs was a general denial. The issues were tried by a jury, who returned the following verdict: " We, the jury, find first for the plaintiff, and assess her damages at $606.65, as against all the defendants except Adelia C. Chappelow; second, we find for the cross complainant Adelia C. Chappelow, on her cross complaint, that her judgment is unsatisfied and remains in full force, and is a lien superior to the liens of the defendants and each of them, and also superior to the lien of the plaintiff." The Travellers Insurance Company moved for a new trial as to the cross complaint. This motion was overruled. The insurance company then moved in arrest of judgment, and this motion was overruled; judgment was rendered on the verdict, and the insurance company appealed.

The errors assigned are: 1. Overruling the demurrers to the first and second paragraphs of the cross complaint. 2. Sustaining the demurrer to the third paragraph of the appellants' answer to the cross complaint. 3. Overruling the motion for a new trial. 4. Overruling the motion in arrest of judgment.

No notice is taken, in the appellant's brief, of the motion in arrest of judgment; therefore, it need not be considered here.

The only reason for a new trial discussed in the appellant's brief is the 9th, to wit: "That the verdict is not sustained by sufficient evidence." The others, therefore, are regarded as. waived.

The appellant makes the following statement as to the demurrer to the second paragraph of the cross complaint: "The allegation that at the time the appellant acquired a junior interest against the land, she knew that the appellee's judgment was entirely unpaid, probably makes this paragraph good."

The appellant insists that the first paragraph of the cross complaint states no cause of action against the appellant, but this paragraph states that the cross complainant owns a foreclosure decree, which has not been paid and is a superior lien to that claimed by the insurance company, and the insurance company is called upon to answer as to its interest, and this paragraph contains the same allegation, which, as the appellant conceives, makes the second paragraph of the cross complaint good, namely: "That each of the defendants in this cross complaint is claiming an interest in the real estate covered by this cross complainant's said mortgage, decree and judgment, by reason of their interest in and liens upon the same as set forth in this cross complaint; that each of said defendants acquired their interest in and liens upon said real estate, with a full knowledge of this cross complainant's said mortgage, decree and judgment, and each one of said defendants knew that this cross complainant's said mortgage, decree and judgment was unpaid at the time they acquired their said interests in and liens upon said real estate."

The relief sought by the cross complaint is, that the cross complainant's decree may be declared a valid lien upon said real estate, senior to the interest and lien of each and all of said defendants, and all other proper relief.

Adelia C. Chappelow being a defendant in the foreclosure suit of Mary Griffith, and being required to answer as to her interest, alleges in her cross complaint that she owns a mortgage and decree which is an older lien than any of the other claims, and prays that the question of priority may be determined, and that she may have appropriate relief.

There was no error in overruling the demurrers to the cross complaint.

The third paragraph of the answer to the cross complaint admits that the cross complainant held a decree and order of sale, and that the property was advertised for sale as charged in the cross complaint, and avers that Crawford Griffith, the mortgagor, gave Mrs. Chappelow his note for the amount of

her interest in said decree, and that she gave him a receipt as follows:

"$662.92.          LOGANSPORT, IND., July 28th, 1876.

"Received of Crawford Griffith six hundred and sixty-two and $\frac{92}{100}$ dollars on the judgment assigned to Rufus C. Griffith and Adelia C. Chappelow by M. C. Adams and James A. Lewis, executors of David L. Griffith, deceased, said judgment being against Crawford Griffith in the circuit court of Howard county, Indiana.

(Signed)          "ADELIA C. CHAPPELOW.<br>"JOHN A. CHAPPELOW."

This paragraph further avers that Crawford Griffith took said receipt to the sheriff and procured a release of the levy and an abandonment of the sale, and that the order of sale was returned to the court with said receipt attached thereto; that afterwards, in February, 1878, said Crawford Griffith showed said receipt to said insurance company, and told them that Mrs. Chappelow's interest in said decree had been fully paid and satisfied, as shown by said receipt; that thereupon said company, relying on said statement and receipt, lent to said Crawford Griffith $6,000, and took as security therefor a mortgage including the land bound by Mrs. Chappelow's decree; that this mortgage is a valid lien on said land, superior to the said claim of Mrs. Chappelow, and that she is estopped from asserting her said claim as against said last mentioned mortgage.

This answer is pleaded to the entire cross complaint. The cross complaint averred not only the facts admitted in said answer, but also that in July, 1876, Crawford Griffith applied to the cross complainant for further time, and agreed with her to give her his note for her share of the mortgage debt, and to secure the same by a mortgage of other land, and promised that he and his wife would execute such new mortgage and put it on record as soon as he returned home to Howard county, and that he would not have said judgment

cancelled and satisfied until such new mortgage should be executed and recorded; that, in pursuance of said agreement, he gave the cross complainant his note for her half of said decree, payable one day after date, which note she took, relying on his said promise and agreement, and gave him her said receipt for the amount thereof, which receipt was not to be of any validity, and was not to be used until after the execution and recording of said new mortgage; that he never executed said new mortgage; that the cross complainant never authorized anybody to satisfy said decree; that the execution thereon was never returned by any one who had authority to return it; that said receipt was attached to said execution without her knowledge or consent, and without authority, and was copied into the execution docket by the clerk without authority; that said clerk, without any authority, made on the mortgage record of Howard county, on May 8th, 1880, a pretended cancellation of the mortgage on which said decree was rendered; and that said mortgage is still unpaid, and is a prior lien to the claims of any of the defendants in said cross complaint.

The third paragraph of answer, now under consideration, does not traverse any of the allegations of the cross complaint; it does not confess and avoid any of them, and the facts stated in said third paragraph present none of the elements of an estoppel.

There is no false statement or fraud imputed to the cross complainant; the fraud and falsehood of Crawford Griffith, acting adversely to her and in no sense her agent, could not estop her; the receipt was not "in full;" there was nothing in it indicating satisfaction of the judgment. The Travellers Insurance Company knew, or ought to have known, that such a receipt was capable of explanation and was not conclusive, and they had the means of ascertaining the falsehood or truth of the statement of Crawford Griffith that the decree was paid by enquiring of the cross complainant. If they chose to rely on such statement without enquiry, having

the means of ascertaining the fact, and lent their money on such a receipt and statement, such facts and the giving of such a receipt create no estoppel against the cross complainant. Estoppels *in pais* depend in general upon the moral qualities of the conduct alleged. The door is shut against asserting a right, when in good conscience and fair dealing the party ought not to be permitted to gainsay his previous conduct. *Welland Canal Co.* v. *Hathaway*, 8 Wend. 480. There was no error in sustaining the demurrer to the third paragraph of the answer to the cross complaint. *Lapping* v. *Duffy*, 65 Ind. 229; *Pauley* v. *Weisart*, 59 Ind. 241; *Fletcher* v. *Holmes*, 25 Ind. 458; *Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424; *Hosford* v. *Johnson*, 74 Ind. 479, 485.

The only remaining error assigned is, that the verdict was not sustained by sufficient evidence. There is no question as to the amount of the verdict, because it was not alleged as a reason for a new trial that the damages were excessive or that there was error in the assessment of the amount of the recovery.

The cross complaint seeks to explain a receipt and to show that, notwithstanding the receipt, the decree was not paid.

An ordinary promissory note, not payable in a bank in this State, and therefore under our law not commercial paper, is not presumed to be a payment of a precedent debt. An ordinary receipt is capable of explanation so as to show that in fact the money receipted for was not paid, and this may be done even against an innocent third person, who relied on the receipt without enquiry. *Lapping* v. *Duffy*, *supra*.

There was testimony tending to support the verdict. The appellant insists that the circumstantial evidence was stronger than the direct testimony, and established the fact that the judgment was intended to be released by the receipt and the note. But this was a question for the jury; if they believed some of the witnesses, their verdict was right. In such a case, a verdict will not be set aside because of conflicting testi-

mony. *Hutts* v. *Bowers*, 77 Ind. 211 ; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73 ; *Gass* v. *Coggswell*, 44 Ind. 355.

There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.