## BLEDSOE ET AL. *v.* ROSS ET AL.

[No. 8,552. Filed June 1, 1915. Rehearing denied October 14, 1915.]

1. RECORDS.—*Instrument Not Entitled to be Recorded.—Notice.*—Under §3965 Burns 1914, any conveyance or instrument in writing, to be entitled to be placed of record, must be acknowledged by the grantor, and if copied into the record without such acknowledgment, the record is not notice to any one without actual knowledge. p. 612.

2. VENDOR AND PURCHASER.—*Knowledge of Prior Contract.—Evidence.—Finding.—Conclusiveness.*—Where there was evidence that the purchasers of land had admitted that they had heard rumors of its purchase by plaintiffs, which was met by the testimony of such purchasers denying that they had actual knowledge,

the jury had a right to infer that they had no actual knowledge, notwithstanding it further appeared that such purchasers learned from their abstract that an unacknowledged contract of sale to plaintiffs had been entered in the records of the county, and the finding is conclusive. p. 612.

From Pulaski Circuit Court; *Francis J. Vurpillat,* Judge.

Action by Harry W. Bledsoe and another against David C. Ross and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Henry A. Steis* and *John M. Spangler,* for appellants.

*McConnell, Jenkines, Jenkines & Stuart* and *Horner & Thompson,* for appellees.

IBACH, P. J.—Suit for specific performance of contract to convey real estate. The only error assigned is the overruling of appellants' motion for new trial. The principal grounds of the motion were that the verdict is not sustained by sufficient evidence, and is contrary to law. The sole question involved is whether appellees Charles H. and John Kruger are innocent purchasers for value of the real estate in controversy without notice of any prior equity in favor of appellants. Briefly, the evidence shows that appellee David C. Ross, a married man, residing in Illinois, about April 6, 1911, entered into a contract to convey to appellants seventy-eight acres of land in Pulaski County, Indiana, for $7,800, and received $500 cash on the contract. Appellee Mattie Ross, the wife of David C. Ross, did not sign the contract, neither was the contract acknowledged. On September 11, 1911, David C. Ross contracted to sell the same land to appellees Kruger for $9,360. On September 12, the Krugers paid to Ross $360 on the contract. On September 13, appellants had a copy of their contract of purchase placed on record in Pulaski County. On September 14, Ross wrote to appellants and stated that his wife, who had an interest in the land, had refused to sign a deed to them, and offered to return them their money. On September 21, 1911, the Krugers sent to the First

National Bank of Bloomington, Illinois, a draft payable to the order of Ross and a mortgage on the lands and two notes drawn in his favor, with instructions to deliver the draft, mortgage and notes to Ross on his delivery to the bank of a deed to them for the lands. On the same day, after the letter containing the draft and mortgage had been mailed, appellee Charles H. Kruger received a copy of an abstract of title which showed that appellants had of record a contract for the purchase of Ross's land, but he did not read it, and instead mailed it to his attorneys in Logansport, Indiana. About September 25, 1911, appellees David C. and Mattie Ross executed and delivered a deed conveying the lands to the Krugers, which the latter received the next day. On September 28, after having received the deed, appellees Krugers first obtained actual notice that the abstract which they had sent to their attorneys showed that appellants had a contract for the purchase of the lands. As to the above facts, the evidence is uncontradicted.

Some of appellants' evidence would tend to show that the Krugers had heard of the sale of the Ross lands to appellants before they made their purchase, but the Krugers testify that the day before contracting with Ross to buy the land, they met one of appellants on the street and asked who owned the Ross land, and were told that Charles Keipke had bought it, that they asked Keipke about it, and were told that Ross still owned it, and thereupon they at once went to see Ross and bought it. Ross did not mention appellants' contract to them, and testified that his reason for so doing was that he did not think it a binding contract in law. Appellees Krugers testified that they honestly believed that Ross was the owner of the land, and that they had no actual knowledge from any source of the existence of the former contract when their contract was made, and appellee Ross testified as to a conversation with appellees Krugers after the sale, in which they expressed surprise that there had been a former contract.

The first question is whether appellees Krugers, who before the consummation of the transfer of the lands to them, had in their possession an abstract containing a copy of appellants' contract, but did not actually learn of the contract until the sale was completed, can be said to have had constructive knowledge of it.    To entitle any conveyance or instrument of writing to be recorded, it must be acknowledged by the grantor.    §3965 Burns 1914, §2933 R. S. 1881.    The contract of David C. Ross was not acknowledged, and was not entitled to record.    Where an instrument not entitled to record has actually been copied on the record, such record is not notice to any one without actual knowledge.    *Kothe* v. *Krag-Reynolds Co.* (1898), 20 Ind. App. 293, 308, 55 N. E. 94; *Watkins* v. *Brunt* (1876), 53 Ind. 208, 210; *Westhafer* v. *Patterson* (1889), 120 Ind. 459, 22 N. E. 414, 16 Am. St. 330.

So far as actual knowledge of the contract is concerned, the testimony of appellants that the Krugers admitted that they had heard rumors of appellants buying the land, is overcome by the denial of the Krugers that they had actual knowledge.    It seems that there are some courts which would hold that a jury might infer actual knowledge of the record from evidence such as that in this case.    2 Pomeroy, Eq. Jurisp. §600.    But we have been unable to find any decisions, nor have any been cited by appellants, which would hold as a matter of law that actual knowledge must be inferred from facts such as are here presented.    The jury had a right, under the evidence, to find that the Krugers had no actual knowledge of the contract of appellants, and such finding will not be disturbed on appeal.

The court did not err in overruling appellants' motion for new trial.    Judgment affirmed.

NOTE.—Reported in 109 N. E. 53.    As to defects in the registration of conveyances, see 91 Am. Dec. 106.    See, also, under (1) 1 C. J. 756, 757; 1 Cyc. 518; 39 Cyc. 1733; (2) 39 Cyc. 1784.