### UNITED STATES of America

v.

### LAKE COUNTY FARM BUREAU CO-OPERATIVE ASSOCIATION, INC.

### Civ. No. 3174.

United States District Court
N. D. Indiana,
Hammond Division.
June 25, 1962.

Alfred Moellering, U. S. Atty., Fort Wayne, Ind., for the United States.

Matthew P. Dogan, Gary, Ind., for Lake County Farm Bureau Co-op. Ass'n, Inc.

BEAMER, District Judge.

This is an action brought by the United States against the Lake County Farm Bureau Co-Operative Association, Inc., to recover $1,562.82.

The plaintiff bases its claim on a chattel mortgage on crops, certain machinery and other items, executed by Roy D. Snyder and Leota P. Snyder and delivered to the plaintiff as security for a loan made to them by the plaintiff acting through the Farmers Home Administration, U. S. Department of Agriculture.

A copy of the chattel mortgage is attached to and made a part of the Complaint. It appears to have been executed on April 19, 1960, and filed in the office of the Lake County Indiana Recorder on the same date. The filing is indicated by a stamped file mark which reads:

"State of Indiana, Lake County
S. S. No.
Filed for record 1960, April 19 P.M.
2:02          Ray Butz, Recorder"

Plaintiff alleges that between November 1, 1960 and December 8, 1960, the defendant, without the knowledge or consent of the plaintiff, took possession and converted to its own use 2,500 bushels of corn, encumbered by the chattel mortgage above referred to, of the fair market value of $1,562.82 and failed and refused to account to the plaintiff therefor upon demand.

The defendant filed a motion to dismiss plaintiff's Complaint upon the grounds, among others, that the plaintiff failed to comply with the provisions of Burns Indiana Statutes Annotated (pocket supplement) Section 49–3249 which provides:

"No instrument by which the title to real estate or personal property, or any interest therein or lien thereon, is conveyed, created, encumbered, assigned or otherwise disposed of, shall be received for record or filing by the county recorder unless the name of the person who, and governmental agency, if any, which, prepared such instrument appears at the conclusion of such instrument and such name is either printed, typewritten, stamped, or signed in a legible manner. An instrument will be in compliance with this section if it contains a statement in the following form: 'This instrument was prepared by (name).'"

A hearing was had on the motion and the defendant filed a brief in support of its motion. The plaintiff has not filed a reply brief.

At the hearing the plaintiff conceded that Burns Section 49–3249 was not complied with but argued that the recorder had nevertheless filed the chattel mortgage of record and it therefore constituted notice of the mortgage lien on the corn which the defendant procured from the Snyders. This is the question that the Court must decide.

There is no contention that the defendant had actual notice of the plaintiff's mortgage, so the sole question is whether the mortgage, accepted for filing and filed by the recorder in violation of Burns Indiana Statutes Annotated Section 49–3249, constituted constructive notice to the defendant.

So far as we can find the Indiana courts have not passed on this specific question.

As a general rule it may be stated that a mortgage which is not executed and recorded in conformity with the statute is not notice and is a nullity, even though it is spread upon the record. 14 C.J.S. Chattel Mortgage § 164c, p.

771; 10 Am.Jur. 791, Chattel Mortgage § 115.

In Haverell Distributors, Inc. v. Haverell Mfg. Corp. et al. (Kruse v. Blanchard) 115 Ind.App. 501, 58 N.E.2d 372 (1944) the Appellate Court of Indiana dealt with the question of the effect of a recorded chattel mortgage which contained a defective acknowledgment. The statutes there involved provided that "any chattel mortgage or other instrument given pursuant to this act shall be executed by the mortgagor by proper signature thereto and duly acknowledged before an officer authorized to make acknowledgments of instruments in writing duly indorsed thereon." (Burns Indiana Statutes Annotated § 51–507). The section dealing with recording or filing followed immediately and provided, in part: "Any chattel mortgage executed under and pursuant to this act * * * shall be filed in the county where the mortgagor * * * resides, * * *." (Burns, § 51–509).

The instrument in question was filed of record but the Court held that it was not duly acknowledged because the individual signing the acknowledgment was not identified as an officer of, or as acting on behalf of, the corporate mortgagor.

The Court held therefore, that the instrument was not entitled to filing as the chattel mortgage of the corporate mortgagor and that it must be considered as never having been filed as such.

In Kothe et al. v. Krag-Reynolds Co., 20 Ind.App. 293, 50 N.E. 594 (1898) a mortgage was involved where a corporate mortgagor, by its President had executed a mortgage and acknowledged it before a Notary Public who was also the Secretary and a Director and stockholder of the corporate mortgagor. An Indiana statute at the time prohibited any Notary who was an officer of a corporation from acting as a Notary in the business of the corporation. The Court held that because the mortgage was acknowledged by a person not authorized to take acknowledgments, it was void and should not have been recorded, hence, its recordation was not constructive notice to subsequent lien holders. There is no indication in that case that the defect in the notary's capacity to act was apparent on the face of the instrument, so therein the Appellate Court of Indiana went farther in declaring the recorded instrument of no effect than many courts. (See 14 C.J.S. Chattel Mortgages § 164, note 47, p. 772.)

In the statute involved here, (Burns, 49–3249), the language prohibiting recordation is clear and unequivocal. It says: "No instrument * * * shall be received for record or filing * * * unless the name of the person who, and government agency, if any, which prepared such instrument appears at the conclusion * * *." etc. In this case the Recorder did receive the mortgage in violation of the express prohibition of the statute. We think the filing of the mortgage in violation of the statute was a nullity and that no constructive notice of the plaintiff's lien was thereby given to the defendant.

In view of this holding, and the fact that there is no claim that the defendant had actual notice of the plaintiff's lien, the defendant's Motion to Dismiss must be sustained.

It is so ordered.