In re SANDY RIDGE OIL CO., INC., Debtor.

SANDY RIDGE OIL CO., INC., Plaintiff-Appellee,

v.

CENTERRE BANK NATIONAL ASSOCIATION, et al., Defendants-Appellants,

and

Halliburton Services, a Division of Halliburton Company, Defendant-Appellant,

and

Official Unsecured Creditors Committee, Intervenor-Appellee.

No. 94S00–8612–CQ–1030.

Supreme Court of Indiana.

July 29, 1987.

F. Wesley Bowers, Gary R. Case, David E. Gray, Bowers, Harrison, Kent & Miller, Evansville, for defendants-appellants.

Paul F. Arnold, Early, Arnold & Ziemer, Evansville, for plaintiff-appellee.

DICKSON, Justice.

This cause comes to us as a certified question from the United States Court of Appeals for the Seventh Circuit pursuant to Appellate Rule 15(O) which allows certification of a question of Indiana law to this Court when the question is determinative of the case and there is no clear controlling Indiana Supreme Court precedent. Finding such an issue to exist for the resolution of this cause, the Seventh Circuit certifies the following question to this Court:

> Does a recorded instrument conveying, creating, encumbering, assigning, or otherwise disposing of an interest in or lien on property that does not disclose the name of the preparer as required by Ind. Code § 36–2–11–15(b) nevertheless impart constructive notice to a bona fide purchaser?

The facts, as set out by the Seventh Circuit, are:

> Sandy Ridge Oil Company, Inc. ("Sandy Ridge") purchased oil well services from Halliburton Services ("Halliburton") for a number of years, but fell slowly into debt. On October 10, 1981, Sandy Ridge executed a promissory note in favor of Halliburton in the amount of $244,686.31 (excluding interest). To secure this note, Sandy Ridge mortgaged its oil and gas leases on six oil wells: four wells in Gibson County, Indiana, one well in Vanderburgh County, Indiana, and one well in Wabash County, Illinois. The executed mortgage was delivered in three identical counterparts and recorded with the Vanderburgh County Recorder, the Wabash County Recorder, and the Gibson County Recorder. Only the Gibson County mortgage is at issue in this case. On May 13, 1982, Sandy Ridge filed a petition for Chapter 11 bankruptcy. As part of the Chapter 11 proceeding, Sandy Ridge filed an adversary proceeding against the Centerre Bank National Association, Halliburton, and thirteen other defendants. In that adversary proceeding Sandy Ridge contested the validity of various liens and encumbrances on the oil properties it owned or operated, and sought approval for sale of these properties free and clear of any such encumbrances. The Official Unsecured Creditors Committee ("Creditors Committee") intervened in the adversary proceeding to contest the Gibson County mortgage. The Gibson County mortgage, though otherwise valid, was recorded in contravention of an Indiana statute requiring the name of the person who prepared the instrument to be indicated in the document. Sandy Ridge argues that because the Gibson County mortgage was improperly recorded, it is voidable by a bona fide purchaser; therefore, Sandy Ridge's interest in the oil wells is paramount to Halliburton's. The bankruptcy court ruled in favor of Sandy Ridge, and the district court affirmed.

*In Re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332, 1333 (7th Cir.1986).

We note that all other issues, such as the fact that purchaser had actual knowledge of the mortgage, that the instrument was not executed in Indiana, and that the Gibson County Mortgage bore a stamped block containing the initials of persons in Halliburton's legal and financial departments, thereby giving a form of notice to a purchaser, have been resolved by the Seventh Circuit. These other issues are not before us. We respond only to the precise ques-

tion submitted. Moreover, all parties agree and the Seventh Circuit found that the Gibson County mortgage did not disclose the preparer of the instrument as mandated by subsection (b) of Ind.Code § 36–2–11–15(b):

36–2–11–15. Name of person preparing instrument required—Exceptions.— (a) This section does not apply to:

(1) An instrument executed before July 1, 1959, or recorded before July 26, 1967;

(2) A judgment, order, or writ of a court;

(3) A will or death certificate; or

(4) An instrument executed or acknowledged outside Indiana.

(b) The recorder may receive for record or filing an instrument that conveys, creates, encumbers, assigns, or otherwise disposes of an interest in or lien on property only if the name of the person and governmental agency, if any that prepared the instrument is printed, typewritten, stamped, or signed in a legible manner at the conclusion of the instrument. An instrument complies with this section if it contains a statement in the following form: "This instrument was prepared by (name)." [IC 17–3–41–1, recodified as IC 36–2–11–15 by Acts 1980, P.L. 212, § 1.]

This Court has never addressed the effect of recording an instrument lacking the preparer's name required by statute, but has long recognized the general principle that the recording of a document not entitled to be recorded does not afford constructive notice.

The first cases to cite this principle in Indiana regarded the general rule as well established but offered no supporting rationale. *Reed v. Coale* (1853), 4 Ind. 283, 287; *Deming v. Miller* (1864), 23 Ind. 416; *Watkins v. Brunt* (1876), 53 Ind. 208; *Etzler v. Evans* (1878), 61 Ind. 56; *Lapping v. Duffy* (1879), 65 Ind. 229; *Reeves v. Hayes* (1884), 95 Ind. 521. The principle has since been frequently applied. *See, e.g., Kothe v. Krag-Reynolds Co.* (1898), 20 Ind.App. 293, 50 N.E. 594; *Sinclair v. Gunzenhauser* (1913), 179 Ind. 78, 135–36, 100 N.E. 376;

*Rogers v. City of Evansville* (1982), Ind. App., 437 N.E.2d 1019; *Haverell Distributors Inc., v. Haverell Manufacturing Corp.* (1944), 115 Ind.App. 501, 58 N.E.2d 372; *Starz v. Kirsch* (1922), 78 Ind.App. 431, 136 N.E. 36; *Bledsoe v. Ross* (1915), 59 Ind.App. 609, 109 N.E. 53; *Guyer v. Union Trust Co. of Indianapolis* (1914), 55 Ind. App. 472, 104 N.E. 82.

Appellant Halliburton argues that the legislature did not intend the strict interpretation of Ind.Code § 36–2–11–15(b) (hereafter Section 15) to deny the effect of notice to an instrument recorded without the name of the preparer. Appellees Sandy Ridge Oil and the creditors committee argue that the language of Section 15 is unambiguous and that any substantive analysis on our part is unwarranted.

Appellee also points to Ind.Code § 36–2–11–16 (hereafter Section 16) as evidence of the legislature's intent to treat the omission of the preparer's name from a recorded instrument as insufficient to afford constructive notice. Section 16 allows recording of instruments only if signatures are followed by printed, typewritten or stamped names, but provides that "[a]n instrument received and recorded by a county recorder is conclusively presumed to comply with this section," thus expressly curing any error in a document recorded in violation of the requirement. Section 15 does not contain such an express curative provision. Appellee reasons that these sections are within the same chapter, that the legislature must have considered a curative provision for both and ultimately decided to incorporate such a provision into section 16 and reject the provision for section 15.

The legislative history of the two sections indicates that they were promulgated separately and have not been substantively reconsidered as companion sections. Section 16 was originally enacted in 1943 Ind. Acts, Ch. 197, § 1. Section 15 was enacted sixteen years later in 1959 Ind.Acts, Ch. 110, § 1. The curative provision of Section 16 pre-existed the Section 15 requirement for the inclusion of the preparer's name. It thus cannot be reasoned that the curative provision was drafted to either exclude

or to apply to the omission of a preparer's name. The question is rather whether the later legislative enactment requiring the preparer's name as a prerequisite for recording, in a separate statutory section outside the application of the curative provision, can be construed to manifest legislative intent that omission of a preparer's name falls outside the curative provision.

Because the preparer's name requirement applies only to the recording of documents pertaining to interests in property, rather than to all documents eligible for recording, there exists at least one reason to explain the legislature's choice in utilizing a separate section. It is thus not appropriate for us to speculate regarding the intentions of the legislature, nor to assign a legislative intent which may not have existed.

■ Faced with the question of whether to retain the judicially created doctrine, we must weigh opposing policy considerations. First, as we recognized in *Marsillett v. State* (1986), Ind., 495 N.E.2d 699, 704:

> Under the doctrine of stare decisis, this Court adheres to a principle of law which has been firmly established. Important policy considerations militate in favor of continuity and predictability in the law. Therefore, we are reluctant to disturb long-standing precedent which involves salient issues. Precedent operates as a maxim for judicial restraint to prevent the unjustified reversal of a series of decisions merely because the composition of the court has changed. [Citations omitted]

However, "the common law of today is not a frozen mold of ancient ideas, but such law in active and dynamic and thus changes with the times and growth of society to meet its needs." *Perkins v. State* (1969), 252 Ind. 549, 554, 251 N.E.2d 30, 33. In *Troue v. Marker* (1969), 253 Ind. 284, 290, 252 N.E.2d 800, 804, Judge Arterburn further admonished that the "common law must keep pace with changes in our society." Where the reasoning advanced for retention of a common law doctrine is judicially unsound, and where there are no legislative barriers, this Court will abrogate common law doctrine. *Brooks v. Robinson* (1972), 259 Ind. 16, 24, 284 N.E.2d 794, 798; *Campbell v. State* (1972), 259 Ind. 55, 63, 284 N.E.2d 733, 737; *New York, C. and St. L. R. Co. v. Henderson* (1958), 237 Ind. 456, 146 N.E.2d 531, *reh. denied* 237 Ind. 456, 147 N.E.2d 237.

The rule that a recorded defective instrument does not afford constructive notice has long been questioned.

> If, then, a deed cannot bind absolutely because of improper execution or acknowledgment, may a title searcher pass it by, and may the person for whom he acts say, after purchasing, 'I had no warning of that deed whatsoever'? ... [S]hould not a purchaser who runs down the title be charged with the actual notice that is afforded by a deed which the record pictures, although it does not afford absolute notice by reason of imperfect recordation? In other words, once a man looks at the record, how can he shut his eyes to this deed?

Glenn, *Mortgages of Land* § 385, at 1571, 1573 (1943).

In this case, the omission from the record was not one which would have been fatal to a conveyance or encumberance. Thus, a title searcher wishing to verify the legal title of the property would have found all the formalities necessary to prove a valid conveyance or encumberance. Surely the record of this mortgage, albeit erroneously recorded, gives that kind of clear, undoubted notice of the state of legal title which the recording act contemplates. Recording the preparer's name does not enhance the protection of any particular identifiable property interest, nor does it provide an assurance that the instrument is genuine or that it was properly executed.

While explicit and unambiguous in declaring the duty of the recorder to reject instruments failing to identify the preparer, the statute is nevertheless silent with regard to the legal consequences which should flow from a violation of this duty by the recorder. It is an entirely proper judicial function for this Court to make such determination.

At best, the inferences to be drawn from the words of the statute are weak ones. If the General Assembly intended to strip a mortgagee of his rights as against a subsequent purchaser who does not bother to conduct a title search, it chose to express that intention in a very guarded way. Appellee's strongest argument is that Indiana Courts have for 135 years ruled that documents which were not entitled to be recorded do not constitute constructive notice. The rationale for this rule remains unexplained today, just as it was in 1853. Judges are often called upon to extinguish the substantial property rights of a citizen. Doing so on the basis of a rule for which there appears no basis is especially difficult.

A neighboring court has found that the purpose of a nearly identical preparer's statute is to prevent the unauthorized practice of law. *Bown & Sons v. Honabarger*, 171 Ohio St. 247, 168 N.E.2d 880 (1960). The Ohio Supreme Court based this conclusion on the fact that the Ohio preparer's statute, Section 317.111, Revised Code, was based on a statute proposed by the Unauthorized Practice of Law Committee to the Ohio State Bar Association. The committee report states that the provision was proposed "[a]s an aid in the fight against the unauthorized practice of law ..." The Ohio Supreme Court held that an instrument "is not rendered invalid by the fact that it is accepted for record and filing by a county recorder without the name of the person who prepared it being noted thereon, ..." *Id.* at 250, 168 N.E.2d at 883.

Indiana's preparer statute is substantially similar to the Ohio law. Its enactment in 1959 came on the heels of the Ohio statute and may well have been based in substance and purpose on the Ohio statute. Deterring the unauthorized practice of law, while an important purpose, bears no relation to the legality of the conveyance or encumberance. The violation of a statute designed to further that purpose should not invalidate the clear and undoubted notice which record of the instrument imparts. ▮▮ We therefore conclude that an instrument recorded improperly due to the absence of the preparer's name is not subject to the general rule that recorded defective instruments do not afford constructive notice. While the statutory requirement of the preparer's name is strong public policy which is to be diligently enforced, when an instrument is inadvertently recorded absent the preparer's name, it should be entitled to the same force and effect as other recorded documents. We emphasize that the recording requirements which affect the nature of the interest and the formalities of execution, if absent from a recorded instrument, will not be excused so as to permit the improper document to be afforded constructive notice. By our decision today, we hold only that the omission of the preparer's name, contrary to the requirements of Section 15, does not operate to deprive a recorded document of the constructive notice to which it would otherwise be entitled.

We therefore reply to the certified question from Seventh Circuit in the affirmative: a recorded instrument, notwithstanding the omission of the name of its preparer, nevertheless does impart constructive notice to a bona fide purchaser.

The Clerk of this Court will transmit this record with a copy of this Opinion to the Clerk of the United States Court of Appeals for the Seventh Circuit.

SHEPARD, C.J., and DeBRULER, J., concur.

PIVARNIK, J., dissenting with opinion in which GIVAN, J., concurs.

PIVARNIK, Justice, dissenting.

In Indiana, the Recorder is required to record certain documents which comply with specific formal requirements for the purpose of establishing priority of right. Ind.Code § 32–1–2–16 provides that every conveyance, mortgage, or lease for more than three years shall be recorded in the recorder's office and shall take priority according to the time of filing. The formal requirements are set out in succeeding statutes. Ind.Code § 32–1–2–18 provides that an instrument may not be recorded unless it is acknowledged by the grantor or

proved before any judge. Ind.Code § 33–16–2–4 provides the acknowledgment must bear a seal. Ind.Code § 36–2–11–14(a) provides a deed may not be recorded unless it has been duly endorsed by the auditor of the proper county as duly entered for taxation or not taxable. Finally, and most importantly to this Certified Question, Ind. Code § 36–2–11–15(b) provides that a mortgage may be received for recordation only if the name of the person who prepared the instrument is indicated at the end of the document.

Although this Court has not ruled previously on the effect of failure to comply with the formal requirement of Ind.Code § 36–2–11–15(b), we have applied the general principle that if the document was not entitled to be recorded, its recording affords no constructive notice. In *Reed v. Coale* (1853), 4 Ind. 283, this Court considered whether constructive notice resulted from the recording of a mortgage assignment when such an assignment was not recordable. This Court held:

> There was no law authorizing the recording of assignments. The recording of an instrument operates as constructive notice of its contents only in those cases where such recording is authorized by law.
>
> We are of opinion, therefore, that the record of the assignment was not notice to Reed, and that it was, consequently, competent for him to set up the second item as an offset.

*Reed,* 4 Ind. at 287. Further, in *Watkins v. Brunt* (1876), 53 Ind. 208, 210, this Court held "[i]t is conceded by the Appellees that the mortgage not having been acknowledged or proved, was not entitled to record in Morgan county, and the fact that it was so recorded is not notice to a subsequent purchaser in good faith...." *See also Sinclair v. Gunzenhauser* (1912), 179 Ind. 78, 98 N.E. 37, 100 N.E. 376; *Reeves v. Hayes* (1884), 95 Ind. 521; *Lapping v. Duffy* (1879), 65 Ind. 229; *Etzler v. Evans* (1878), 61 Ind. 56. In a second appearance of *Sinclair,* in which the petition for rehearing was denied, this Court declared "... and it is held without deviation in this state that the record of an instrument not entitled to be recorded, as for want of acknowledgment, is not notice for any purpose, at least where not actually seen of record." *Sinclair v. Gunzenhauser* (1913), 179 Ind. 78, 135–36, 100 N.E. 376, 378. *See also Rogers v. City of Evansville* (1982), Ind.App., 437 N.E.2d 1019, *trans. denied; Haverell Distributors Inc., v. Haverell Manufacturing Corp.* (1944), 115 Ind.App. 501, 58 N.E.2d 372, *trans. denied; Starz v. Kirsch* (1922), 78 Ind.App. 431, 136 N.E. 36; *Bledsoe v. Ross* (1915), 59 Ind. App. 609, 109 N.E. 53, *reh. denied; Guyer v. Union Trust Co. of Indianapolis* (1914), 55 Ind.App. 472, 104 N.E. 82; *Kothe v. Krag-Reynolds Co.* (1898), 20 Ind.App. 293, 50 N.E. 594.

The precise question certified to us was decided in *United States v. Lake County Farm Bureau Cooperative Association, Inc.* (N.D.Ind.1962), 205 F.Supp. 808. The action was by a chattel mortgagee against the buyer of mortgaged property. The issue concerned Burns Indiana Statutes Annotated (pocket supplement) § 49–3249, which is the same statute before us now designated as Ind.Code § 36–2–11–15(b). The District Court held that the Indiana recorded chattel mortgage was not constructive notice to a person who bought mortgaged property, where it did not contain the name of the person who prepared the document, and the Indiana Statute required such notation before instruments could be accepted for recording. Judge George Beamer held that "... the filing of the mortgage in violation of the statute was a nullity and that no constructive notice of the Plaintiff's lien was thereby given to the Defendant." *Id.* at 810.

Appellant Halliburton argues that the only reason for the requirement of noting the preparer on the instrument is to guard against the unauthorized practice of law and that, therefore, to give the strict interpretation urged by Appellee Sandy Ridge would be impractical and unreasonably burdensome. It would be presumptuous of us, however, to attempt to determine the purpose of the legislation absent any ambiguities in its meaning. Where the intention of the Legislature is clear and unambiguous,

we are not at liberty to adopt a construction that fails to give effect to such intent. *St. Germain v. State* (1977), 267 Ind. 252, 369 N.E.2d 931, 933; *State v. LaPorte Superior Court No. 1* (1973), 259 Ind. 647, 291 N.E.2d 355, 356.

We further note that although chapter 11 was recently amended, no changes were made within § 36–2–11–15. Also significant is Ind.Code § 36–2–11–16, which provides additional requirements qualifying an instrument for recordation and which was amended in 1986. Section 36–2–11–16(f) states, "[a]n instrument received and recorded by a county recorder is conclusively presumed to comply with this section." Ind.Code Ann. § 36–2–11–16(f) (West Supp. 1986). The Legislature has clearly demonstrated its intention that failure to comply with one or all of the requirements of § 36–2–11–16 will not invalidate the instrument for recordation. It is meaningful that a similar provision is absent from § 36–2–11–15, especially in light of the fact that the two sections are within chapter 11. The Legislature has drawn no distinction between the requirements, previously cited herein, that an instrument may not be recorded unless it is acknowledged, bears a seal, indicates payment of taxes, and bears on its face the name of the preparer. In contrast is § 36–2–11–16, which sets out additional requirements for recordation and further states that the instrument will be presumed to comply with the section if in fact received and recorded. The intention of the Legislature is clear and unambiguous here. This Court must give effect to such intent.

I would therefore answer the Certified Question in the negative.

GIVAN, J., concurs.