In re SANDY RIDGE OIL CO., INC., Debtor.

SANDY RIDGE OIL CO., INC., Plaintiff-Appellee,

v.

CENTERRE BANK NATIONAL ASSOCIATION, et al., Defendants,

and

Halliburton Services, a Division of Halliburton Company, Defendant-Appellant,

and

Official Unsecured Creditors Committee, Intervenor-Appellee.

No. 86–1414.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 16, 1986.

Question Certified Dec. 3, 1986.

Submitted July 29, 1987.

Decided Aug. 25, 1987.

Before BAUER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

Sandy Ridge Oil Company ("Sandy Ridge"), a Chapter 11 debtor-in-possession, seeks to avoid a mortgage on several of its oil wells under § 544(a)(3) of the Bankruptcy Code. Halliburton Services ("Halliburton"), the holder of the mortgage, argues that Sandy Ridge cannot avoid the mortgage, because Sandy Ridge had both actual and constructive notice of the encumbrance. In a previous opinion, *In re Sandy Ridge Oil Co.*, 807 F.2d 1332 (7th Cir.1986), we rejected Halliburton's actual notice argument, but certified the question of constructive notice to the Indiana Supreme Court. That court's decision, which is published at 510 N.E.2d 667, requires the bankruptcy court to enter judgment in favor of Halliburton.

Section 544(a)(3) of the Bankruptcy Code, 11 U.S.C. § 544(a)(3) (1984), permits a trustee to avoid any transfer of the debtor's property if the transfer would be voidable by a bona fide purchaser of the property. The mortgage at issue in this case was defectively recorded under Indiana law, because the name of the preparer of the instrument was not indicated at the end of the document, as required by Ind.Code § 36–2–11–15(b) (1982). Sandy Ridge argues that because the mortgage was defec-

tively recorded, it provides no constructive notice to a bona fide purchaser, and therefore Sandy Ridge may avoid the transfer under § 544(a)(3). *See In re Sandy Ridge,* 807 F.2d at 1336. The question of whether a mortgage recorded in violation of Ind. Code § 36–2–11–15(b) gives constructive notice to a bona fide purchaser determined the outcome of this appeal, and there was no clear controlling Indiana Supreme Court precedent. We therefore certified the following question to the Indiana Supreme Court under Rule 15(O) of the Indiana Rules of Appellate Procedure:

> Does a recorded instrument conveying, creating, encumbering, assigning, or otherwise disposing of an interest in or lien on property that does not disclose the name of the preparer as required by Ind. Code § 36–2–11–15(b) nevertheless impart constructive notice to a bona fide purchaser?

*In re Sandy Ridge,* 807 F.2d at 1338.

The Indiana Supreme Court has answered our question in the affirmative. Accordingly, we hold that Sandy Ridge may not avoid the mortgage under § 544(a)(3). The judgment of the district court is reversed and the case remanded to the bankruptcy court with instructions to grant judgment to Halliburton.