Filed Nov. 21, 1890.

---

### No. 14,327.

### BRYANT *v.* RICHARDSON ET AL.

PRACTICE.—*Opening Judgment.*—*Filing of Answer.*—*What Deemed Compliance with Statute.*—The filing of an answer at the time of the entry of the order opening a judgment is a sufficient compliance with section 601, R. S. 1881, requiring an answer to be filed before the judgment shall be opened.

SAME.—*Additional Paragraphs of Answer.*—While section 601, R. S. 1881, provides that before the judgment shall be opened the party shall file a full answer, he is not required to file all the answers he desires at that time, and if the plaintiff dismisses a paragraph of his complaint, it is within the discretion of the trial court to allow the defendant to file an additional paragraph of answer.

MORTGAGE.—*Foreclosure.*—*Pleading.*—*Filing Copy of Release.*—In a suit to foreclose a mortgage the defendant answered that he bought the prem-

ises for a valuable consideration, relying upon the fact that the mortgage was released and cancelled, and being without notice or knowledge that the mortgage debt was not paid, or that the release and cancellation were procured by fraud, or without consideration.

*Held,* that the release was not the foundation of the pleading, and that it was not necessary to file with the paragraph of answer a copy thereof.

SAME.—*Release.—Real Estate Need not be Described.—Surplusage.*—In entering a satisfaction of a mortgage on the margin of the record, as provided for by section 1090, R. S. 1881, it is not necessary to describe the real estate in the release. A description of the real estate in such release may be treated as surplusage when the release is sufficient without it, and an entry properly describing or referring to and identifying the particular mortgage will operate as a cancellation, notwithstanding the entry may contain an erroneous description of the land.

SAME.—*Release by Non-Resident Trustee. — Validity of.*—The release of a trust deed, or mortgage, by the trustee named therein, a non-resident, is not rendered ineffectual for the reason that the appointment of such non-resident trustee may have been invalid under section 2988, R. S. 1881, as section 1091, R. S. 1881, provides that a mortgagee may cancel a mortgage by an agent, and the statute does not prohibit the appointment of a non-resident as such agent.

SAME.—*Certificate of Acknowledgment.—Formal Defect.*—Where a certificate of acknowledgment is presented to the recorder, who accepts it and places the release upon record, a mere informality in the certificate of acknowledgment, such as the omission of the word " acknowledge," will not operate to render it ineffectual as a release of the mortgage.

From the Lake Circuit Court.

*W. C. McMahan* and *F. J. Crawford,* for appellant.

*T. S. Fancher,* for appellees.

OLDS, J.—This is an action by the appellant against the appellees for judgment on a note, and for the foreclosure of a mortgage, or what is designated a deed of trust, executed to secure the note.

There were two paragraphs of the complaint, but the first was dismissed before the rendition of the final judgment appealed from.

The second paragraph, upon which the case was finally tried, alleged that the appellee Nellie Chesbrough, on the 13th day of August, 1879, by her promissory note, now overdue and unpaid, promised to pay to the order of her-

self the sum of $500, at Crown Point, Indiana, five years after date, with interest thereon at the rate of eight per cent., and endorsed and delivered the same to the appellee Adam Harshberger, who immediately endorsed and delivered the same to the appellant, Bryant, who loaned $500 to appellees W. Henry Williams and Mary A. Williams, for whose accommodation said note was given; that said Harshberger guaranteed the payment of said note at maturity; that to secure the payment of said note appellees W. Henry Williams and Mary A. Williams, his wife, for whose accommodation said note was given, and for other good and valuable considerations, on the day of the date of the note duly executed their deed of trust, or mortgage, to the appellee L. D. Terhune, as trustee, in which said Adam Harshberger was named as successor in trust upon certain conditions therein stated, whereby they mortgaged the undivided one-half of certain real estate situate in the village of Clark, in the county of Lake, and State of Indiana, and which deed of trust, or mortgage, was afterwards, on the 29th day of November, 1879, duly recorded in the recorder's office of Lake county. It is further alleged that said William C. B. Richardson was the owner of the other undivided one-half of said property, and after said deed of trust was given and recorded, with notice thereof, he purchased the undivided one-half included in said mortgage. Prayer for judgment on the note and foreclosure of the deed of trust as a mortgage. Copies of the note and deed of trust were filed as exhibits and made a part of the complaint.

Prior to the bringing of the suit there had been a cancellation of the mortgage of record entered by said Harshberger, and the first paragraph of the complaint alleged the fact that the same had been cancelled, and asked to have the cancellation set aside, and for a foreclosure.

Notice having been given by publication on the 15th day of May, 1885, judgment was rendered for the appellant upon

default, order of sale issued, and the property was sold on the 11th day of July, 1885.

On the 20th day of January, 1887, William C. B. Richardson filed a petition to open and vacate the judgment, which motion was afterwards sustained, and the judgment was set aside and vacated, and an answer filed in three paragraphs, and afterwards, and upon the trial of the cause, a fourth paragraph was filed.

The application of Richardson to open the judgment and allow him to defend was made under sections 600 and 601, R. S. 1881.

Objection is made by the appellant to the journal proceedings and entries. The record shows the filing of the answer in three paragraphs at the time of the entry of the order opening the judgment.

The record entry is as follows: " It is therefore ordered and decreed by the court that the judgment and decree heretofore entered at the April term, 1885, in order-book V, page 556, be vacated and held for naught, and that a new trial be granted, and the defendant files answer in the words and figures following, to wit," then follows the answer.

This, it is contended, is not a compliance with section 601, *supra*, for the reason that said section requires the answer to be filed before the judgment shall be opened. There is no contention but that the statute was complied with in every particular except that the answers were filed at the time of making the order. Notice had been given as required by the section, and the proper petition and affidavit had been filed.

The object of requiring an answer to be filed is to prevent delay, so that when the judgment is opened an answer will be on file; that if a party has the judgment rendered in his favor set aside, he shall be furnished with an answer at once, without being required to take a rule, and there is a substantial compliance with the statute in this case, as the record

shows that at the same time the court made the order opening the judgment, the appellee filed his answer.

The order opening the judgment and the record of the filing of an answer are entered at the same time, as one entry; indeed, we think this the proper practice, to show the filing of the answer after the opening of the judgment. The filing of the answer is one step in making a defence, and the party can not defend until the judgment is opened. The purpose of opening the judgment is to allow a defence. It would no doubt be proper to state in the petition, or for the record to show, an offer to file the answer, but a filing at the time of the entry opening the judgment is a sufficient compliance with the statute.

Upon the trial of the cause the appellant dismissed the first paragraph of his complaint, and thereupon the appellee Richardson asked and obtained leave of court to file an additional fourth paragraph of answer. This was objected to by the appellant, and exceptions reserved, and it is insisted upon as error.

It is contended by counsel for appellant that as the statute, section 601, *supra*, provides that the party shall file a full answer, he is required to file all the answers he desires at that time, and that he can not afterwards file an additional paragraph. We can not agree with this theory. Certainly the plaintiff might demur to an answer, and if sustained the court could allow an amended answer filed. After the judgment is opened, and set aside, as in this case, and an answer filed, the cause is upon the docket for the making up of issues, and trial, as in other cases; and when the appellant dismissed his first paragraph of complaint it was within the discretion of the trial court to allow the defendant to file an additional paragraph of answer.

The next alleged error discussed is the overruling of appellant's demurrer to the fourth paragraph of Richardson's answer.

This paragraph of answer alleges that on the 7th day of

April, 1880, the appellant, by his agent, one Adam Harshberger, duly released and cancelled said mortgage, and entered said release of record, on the margin of the record opposite to the record of said mortgage, but in said release said mortgaged premises are erroneously and mistakenly described as in section 36, when in truth and in fact it is, and was, in section 31, and said release so executed and recorded was intended by appellant and the mortgagor to release and cancel the mortgage in controversy ; and that on the 3d day of July, 1880, one Brown bought said real estate mentioned in the mortgage of the mortgagor, Williams, and on the 8th day of July, 1880, said Brown sold and conveyed said mortgaged premises to one Peterson, who, in turn, sold and conveyed said premises to defendant Richardson ; that both Peterson and Richardson bought said premises for a valuable consideration, and with full and complete reliance upon the fact that said mortgage was released and cancelled, and without any notice, knowledge, or intimation that said mortgage debt was not paid, or that said release and cancellation were procured by fraud, or without consideration.   It is first objected that this paragraph is defective, for the reason that no copy of the release is filed with and made a part of the paragraph of answer.   The release was not the foundation of the pleading.   The answer seeks to plead that the defendant was a purchaser in good faith, without notice of the existence of an unpaid mortgage.   It is further contended that the answer does not show that the mortgage was released of record, by reason of the allegation that there was a mistake in the description of the land.

Section 1090, R. S. 1881, provides that " Every mortgagee of lands whose mortgage has been recorded, having received full payment of the sum or sums of money, therein specified, from the mortgagor, shall, at the request of such mortgagor, enter satisfaction on the margin or other proper place in the record of such mortgage, which shall operate as a complete release and discharge thereof."

Section 1091 provides for the release by certificate of the mortgagee or his lawful agent.

It is not necessary in entering satisfaction of a mortgage on the margin of the record on the page wherein a mortgage is recorded to describe the real estate. It is not contemplated that the real estate should be so described in the release. In most instances if it were necessary to include a description, an entry of satisfaction could not be entered on the margin of the record. The answer under consideration avers that the appellant, by his agent, Adam Harshberger, who is one of the trustees named in the trust deed, " duly released and cancelled said mortgage and entered said release of record on the margin of the record opposite to the record of said mortgage." This is a distinct averment that the mortgage was cancelled of record. There is the further averment that in the body of the release there was an entry of the description of the real estate and that there was an error in the description, but that it was intended by appellant and the mortgagor to release and cancel the mortgage. We think the averments, when construed together, are to the effect that there was an entry of satisfaction of the particular mortgage, but that there was included in the entry a description of real estate which was erroneous. The description of the real estate being unnecessary to the validity of a release and satisfaction of a mortgage, a description of such real estate in such release may be treated as surplusage when the release is sufficient without it, and an entry properly describing or referring to and identifying the particular mortgage would operate as a cancellation, notwithstanding the entry might contain an erroneous description of the real estate. The fair construction to be given to this paragraph of answer is that the mortgage was cancelled though the cancellation included an erroneous description of land, and it is sufficient to withstand a demurrer.

The next question presented arises upon the motion for a new trial, and relates to the introduction in evidence of the

release of the mortgage, or trust deed, as it is styled in the instrument itself. The release was admitted in evidence over the objection and exceptions of the appellant.

As we have stated, section 1091, R. S. 1881, authorizes the entry of satisfaction of mortgages by a certificate duly acknowledged by the mortgagee, or his lawful agent. In this case, Harshberger is named in the trust deed, which is but a mortgage (see 1 Jones Mortgages, section 62) to secure the notes described in it, as successor to Terhune, and there was other evidence introduced tending to show that the said Harshberger had lawful authority to release the mortgage. The release is a full and complete release by Harshberger of all right under and by virtue of the mortgage, and describes it as "a certain trust deed, bearing date the 13th day of August, A. D. 1879, and recorded in the recorder's office of Lake county, in the State of Indiana, in book 10 of records, page 469," etc., " to the premises therein described, as follows, to wit: an undivided one-half interest in the property known as the Audobon Hotel, at Clark, situate in section 36, town.37, range 9 west," and is signed by " A. Harshberger, successor in trust," and is acknowledged by him before a notary public; and it is recorded on the margin of pages 469 and 470 of mortgage record 10 of said Lake county.

The trust deed sued on, and introduced in evidence, was recorded on pp. 469, 470 and 471 of mortgage record 10 of said Lake county, and is dated August 13th, 1879, and refers to the real estate as "the following described lands and premises situate in the village of Clark, county of Lake and State of Indiana, to wit: an undivided one-half interest, as by record title shown, in said first party in the hotel property, situate at Clark, Lake connty, Indiana, known as the Audobon Hotel, with twelve (12) acres, more or less, of ground, less five acres." Then follows a more particular description of the real estate.

There was such a description and identification of the

mortgage in the release entered that it is shown to be a release of the identical mortgage sued upon notwithstanding the error in the description.

It is further contended that said release is invalid, for the reason that it is shown that the said Harshberger was at the time a non-resident of the State of Indiana, and that by section 2988, R. S. 1881, it is made unlawful to name or appoint any person trustee in a deed or mortgage who is not at the time a resident of this State, and if after the appointment of any resident of this State as trustee, he shall remove from this State, then his rights and powers as such trustee shall cease, and the proper court shall appoint his successor. It is shown by the mortgage that both Terhune and Harshberger were, at the time of their appointment, non-residents of this State, and were residents of Cook county, Illinois.

If it be conceded that the portion of this statute which applies to natural persons, and seeks to prohibit them from naming a person who is a non-resident of the State to act as trustee for them, is valid, which may well be doubted, yet the appellant accepted the trust deed, showing the principal trustee named therein and his successor to be non-residents of the State of Indiana.   The trustees named were trustees *de facto*.  Though their appointments may have been invalid in law, yet they were named in the agreement of the parties to the instrument, and while they permitted this agreement to stand, they would be bound by their acts.  Unless the appellant, the *cestui que trust*, took steps for their removal, he would be bound by their acts.   But if we are mistaken in this, our statute, section 1091, *supra*, provides that a mortgage may be cancelled by the lawful agent of the mortgagee acknowledging a certificate of release.   The deed of trust constituted a contract between the parties to it, by which the trustees named therein were the authorized agents to cancel the deed, the security for the debt.   If they did not have all the power of trustees, by reason of being non-residents of the State, for the reason that the parties could not name

a non-resident trustee, there is nothing in the statute prohibiting a party from appointing a non-resident of the State as agent to cancel a mortgage; on the contrary, the statute expressly provides that a mortgagee may cancel a mortgage by an agent, and the instrument in question is valid at least to the extent of creating an agency for that purpose; indeed, he may have been shown to have been the agent of the mortgagee or assignee of the mortgage by evidence other than the instrument itself, and there was evidence introduced which tended to prove such agency.

There is another objection urged as to the validity of the release on account of the informality of the certificate of acknowledgment of the officer, by which the word "acknowledge" is omitted.

Acknowledgments are for the purpose of entitling the instrument to record, and it is said by this court, in the case of *Westhafer* v. *Patterson,* 120 Ind. 459, that "Ordinarily only subsequent purchasers for value can take advantage of the omission of words of identification, or other formal defects in the certificate of acknowledgment." See *Brown* v. *Corbin,* 121 Ind. 455.

The certificate of acknowledgment was presented to the recorder, and he accepted it and placed the release upon record, and no mere informality or omission will operate to render it ineffectual as a release of the mortgage. There was no error in admitting the release in evidence.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Nov. 21, 1890.