Pfeiffer v. Cressey.

---

## Geo. Pfeiffer v. H. C. Cressey et al.

1. CHATTEL MORTGAGES—*Acknowledgment of Husband and Wife by Attorney.*—A chattel mortgage by husband and wife, signed by them personally, but acknowledged by their attorney in fact as follows—
" This mortgage was acknowledged before me by O. M., the duly ap-

pointed attorney in fact for W. F. R., and F. P. R., his wife, and duly entered by me this 27th of May, 1897,"—fails to comply with the statute providing for the acknowledgment of chattel mortgages, and is not valid as against third persons.

Appeal, from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded, with directions. Opinion filed October 12, 1899.

ARTHUR KEITHLEY, attorney for appellant.

RICHARD H. RADLEY and J. A. CAMERON, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On August 24, 1896, appellant, by a written lease, rented to A. R. and Mary Mock, his hotel in the city of Peoria, for a period of two years, at a monthly rental of $150, the rent being evidenced by twenty-four notes of $150 each, maturing monthly, and secured by chattel mortgage upon the hotel furniture.

This mortgage was acknowledged according to law, and promptly recorded in the office of the recorder of said county. Mock and wife, after some months, sold their lease to others, with the consent of Pfeiffer. After several other changes in the ownership of the lease had taken place, one W. F. Ryon, on May 27, 1897, purchased the lease and the furniture included in the mortgage, with full knowledge, as alleged by appellant, of such mortgage. To make the purchase it was necessary for Ryon to raise $350 in cash. He applied for the money to a loan agent, who secured for him that amount from R. W. Rutherford and James V. Allen. Ryon and his wife thereupon executed two notes amounting to the sum of $373, which were made payable to appellee H. C. Cressey, and on the day of their date, or shortly afterward, indorsed by the latter without recourse and delivered to their true owners. At the same time Ryon and wife made a chattel mortgage to

secure these notes upon all of the personal property in the hotel to appellee Cressey. Ryon having failed to pay the rent notes as they matured, appellant, on August 7, 1897, there being then due $185 for rent, took possession of the property and advertised the same for sale, according to the terms of the mortgage, on August 16, 1897. On the latter date the sale took place and appellee bought the property himself for $425. Two days before the time appointed for said sale appellee Cressey filed her bill to foreclose her chattel mortgage and to declare it a prior lien to that of appellant. To this bill appellant and the Ryons were made defendants and filed their respective answers. Some time after the sale of the property said W. F. Ryon filed his cross-bill, in which he admits his indebtedness of $185 to appellant on the 5th day of August, and that appellant had sold the property under his chattel mortgage for $425; alleges that the property was worth $2,000, and prays that appellant may be directed to surrender up to him and to the complainants in the original bill all of the said chattel property, upon being repaid the sum of $185, and that the notes and mortgage held by appellant be canceled.

Afterward the original bill was amended by making said Allen and Rutherford parties complainant thereto. The case was referred to the master to take the proof of the respective parties and report the same, together with his conclusions thereon, to the court. Objections were filed to the report of the master, which were overruled and exceptions filed to the same in court. Upon a hearing the court decreed that the Cressey mortgage was a first lien upon said property; that the sale of the same by appellant was a fraud upon the rights of complainants in said original and cross-bill, and ordered that the property be surrendered to the master in chancery to be sold; that out of the proceeds of said sale said master should pay first all the costs of suit, except those adjudged against Pfeiffer, and that out of the balance he pay to Allen and Rutherford the sum of $362.82; that if said goods should sell for more than sufficient to make the payments above mentioned the surplus should be

applied, to the amount of $185, toward the payment of the costs which were adjudged against said Pfeiffer, and the balance, if any, to said W. F. Ryon. To reverse that decree the appellant, Pfeiffer, brings the case to this court.

It is insisted by appellees that Ryon acquired the property in question without notice of the mortgage to appellant, and was therefore an innocent purchaser, and that as appellant consented to the sale of the property, he thereby waived his lien in favor of Ryon. While there is some controversy in the evidence on the question, the weight of the proof is that Ryon was fully advised as to the existence of the mortgage at the time he made his purchase of the mortgaged property. Such being the case, the first mortgage was valid as between Ryon and appellant. The chattel mortgage given by Ryon and wife to appellee Cressey was signed by them personally, but was acknowledged by Olive Mathis, their attorney in fact. The acknowledgment of the same reads as follows:

" This mortgage was acknowledged before me by Olive Mathis, the duly appointed attorney in fact for W. F. Ryon and Florence P. Ryon, his wife, and duly entered by me this 27th day of May, 1897."

The mortgage does not purport to be acknowledged by Ryon and wife, nor even by Olive Mathis for them, but only by Olive Mathis, who is described as being their duly appointed attorney in fact. We are therefore of opinion that the acknowledgment fails to comply with the statute providing for the acknowledgment of chattel mortgages, and that the mortgage, while good as between Cressey and the Ryons, was not valid as against third persons. First National Bank of Chicago v. Baker, 62 Ill. App. 154.

The court below therefore erred in finding that the Cressey mortgage was a prior lien to that of appellant, and in decreeing that appellant pay the costs of suit. As complainants did not move for an injunction or a receiver there is no reason why appellant should not be entitled to rent from the time (August 5th) when he took possession of the premises to the date of the sale, eleven days later, in addition to the $185 which was already due.

The decree in this case will therefore be reversed and the cause remanded, with directions to the Circuit Court to enter a decree, providing:

First. That appellant be credited with $185 rent due him at the date of his seizure of the furniture, and also, in addition thereto, with rent at the same rate from that time to the date of sale, August 16, 1897.

Second. That he be allowed his reasonable and proper expenses of the sale made by him, to be ascertained by the court.

Third. That he be directed to pay the balance to appellees Rutherford and Allen, or to the appellee Cressey for them, to be applied on their mortgage debt.

Fourth. That appellee Ryon pay the costs of his cross-bill and appellees Cressey, Rutherford and Allen all the other costs of suit.

Reversed and remanded, with directions.