HAVERELL DISTRIBUTORS, INC. *v.* HAVERELL MANUFACTURING CORPORATION ET AL.

KRUSE *v.* BLANCHARD

[No. 17,266. Filed December 19, 1944. Rehearing denied January 29, 1945. Transfer denied April 4, 1945.]

502

*Walter C. Williams, Neville V. Williams* and *Frederick H. Krueger,* all of Michigan City, for appellant.

*T. C. Mullen,* of Michigan City, for appellee.

DOWELL, P. J.—This cause originated in the LaPorte Superior Court wherein appellant, Mark Storen, had been previously appointed receiver of and for The Haverell Manufacturing Corporation, a corporation which had been owned, controlled and operated by one Adolph Hawerlander during his lifetime but whose demise occurred prior to the trial of this cause. If decedent ever kept any records, either corporate or individual, they were not found. The corporate assets, consisting of machinery, equipment and miscellaneous goods and merchandise were reduced to cash and known creditors given notice to present claims. Appellant Kruse, thereupon, filed his claim based upon a chattel mortgage covering machinery, equipment, etc., of the corporation previously reduced to cash by the receiver which mortgage, according to the record before us, was filed with the recorder of LaPorte County on September 25, 1941, appellee Blanchard filing, at the same time or thereabouts, his claim, based likewise on a chattel mortgage covering the same corporate assets with some additional items which mortgage, as shown by the rec-'

ord, was filed with said recorder on December 3, 1941. Each claimant asserting a priority, that question was submitted and tried to the court below on issues joined by the petition of the receiver and pleadings by each claimant, the court making special findings of facts and stating conclusions of law thereon. The cause comes to us upon appellant's assignment of errors which, reduced to fundamentals, presents the following questions:

Was the chattel mortgage given to appellant Kruse given and executed by proper authority?

Was the acknowledgment of the said chattel mortgage sufficiently and properly made to entitle it to be recorded and considered a first lien?

Was the recording of said chattel mortgage sufficient and in conformity with the requirements of the law?

The court below, by its findings, conclusions and judgment, answered these questions negatively and judgment went for appellee Blanchard.

The portions of the two mortgages pertinent to the issues together with certain endorsements thereon are as follows:

1.

"KNOW ALL MEN BY THESE PRESENTS, That Gravo Corp., Haverell Mfg. Co., Adolph Hawerlander of LaPorte County, in the State of Indiana, Mortgage to Barney J. Kruse of Kankakee County, in the State of Illinois, the following described personal property. . . . . . .

"Witness our Hands and seals, this 20 day of Sept. 1941.

> "Adolph Hawerlander (Seal)
> "Haverell Manufact. Corp.
> "Gravo Company
> "Adolph Hawerlander, Pres't.

"State of Indiana, LaPorte County, ss:

"Before me, the undersigned, a Notary Public in and for said County, this 20 day of Sept. 1941, came Adolph Hawerlander, and acknowledged the execution of the foregoing instrument.

"Witness my Hand and official seal,

| | |
|---|---|
| "My commission | "G. H. Bardonner |
| "expires 3-3-44 | "Notary Public" |
| | "(Seal) |

"State of Indiana, LaPorte County, ss;

"Adolph Hawerlander being duly sworn on oath says the grantor in the within mortgage; that the owner of every article of personal property herein described, and in possession of same, and that the same is free of all incumbrances and liens of every kind. And to this affiant makes oath for the purpose of inducing the mortgagee to make a loan of money as herein stipulated.

"Adolph Hawerlander (Seal)

"Subscribed and sworn to before me, this 20 day of Sept. 1941.

| | |
|---|---|
| "My commission | "G. H. Bardonner |
| "expires 3-3-44 | "Notary Public |
| | "(Seal) |

"No. 24249, filed the 25th day of Sept. 1941, at 3:45 o'clock p. m. and recorded in Mortgage Record No. 208, page 499.

"Garry Austin, Recorder
"LaPorte County"

2.

"KNOW ALL MEN BY THESE PRESENTS, That HAVERELL MANUFACTURING CORPORATION, of LaPorte County, in the State of Indiana, acting pursuant with and by authority of its Board of Directors, hereby mortgages to WILBER S. BLANCHARD, of Michigan City, LaPorte County, and State of Indiana, the following described personal property. . . . . . .

"WITNESS OUR HANDS AND SEALS this 27th day of November, 1941.

"HAVERELL MANUFACTURING CORPORATION
                    "BY: Adolf Hawerlander
                          "President

"(No coporate seal)

"Attest:
"Eberhard S. Hawerlander
"Treasurer

"State of Indiana, County of LaPorte, ss;

"Before me, the undersigned, a Notary Public, in and for said County this 27th day of November, 1941, came Adolf Hawerlander and Eberhard Hawerlander, President and Treasurer respectively of Haverell Manufacturing Corporation, and acknowledged for and in behalf of said Corporation the execution of the foregoing instrument.

"Witness my hand and official seal.

"My commission expires      "Ruth Duszynski
"March 4, 1944 (Seal)        "Notary Public
"Intangible Tax 1941 $3.50 paid
"Recorded Dec. 3-1941, at 3:46 P. M.
        "Garry Austin, R. L. C."

A chattel mortgage, being unknown to common law, is a creature of the legislature and exists only by virtue and authority of legislative enactments, which, being thus in derogation of the common law, require strict construction. *Blystone* v. *Burgett* (1857), 10 Ind. 28; *Helms* v. *American Security Co.* (1939), 216 Ind. 1, 22 N. E. (2d) 822. The instruments here involved must, therefore, be considered in the light of the Chattel Mortgage Act of 1935 (Acts 1935, ch. 147, p. 498, § 51-501 et seq., Burns 1943 [Supp.], which repealed all laws or parts of laws in conflict). Section 7 of the Act provides:

"Any chattel mortgage or other instrument given pursuant to this act shall be executed by the mort-

gagor by proper signature thereto and duly acknowledged before an officer authorized to make acknowledgment of instruments in writing duly indorsed thereon."

It is beyond question, we think, that a chattel mortgage made and given after the effective date of the Act must, if its validity be asserted as against any person not a party thereto, meet the positive requirement of the statute, *Roudebush* v. *Nash* (1931), 93 Ind. App. 283, 177 N. E. 335, which demands that it be "duly" acknowledged.

The word "duly" means in a proper way, or regularly, or according to law. *Zechiel* v. *Firemen's Fund Ins. Co.* (1932), 61 F. (2d) 27, C. C. A. Ind.

Acknowledgments, likewise, are of statutory origin and, as pertaining to instruments of the character here presented, there is no statutory corporate form in Indiana. Fletchers on Corp. Vol. 4, § 3198.

By the weight of authority, where no form is preprescribed by statute the tendency toward liberality in the construction of acknowledgments is especially strong. *Sanford* v. *Bulkley* (1862), 30 Conn. 344; *Pruyne* v. *Adams, etc.* (1895), 36 N. Y. S. 36.

Bearing this in mind as well as the rule prevalent in some jurisdictions that if the certificate and the instrument, read together and in connection, disclose the identity of the person making it as an authorized officer or representative of the mortgagor corporation can we say that the exercise of a practical liberality compels us to disregard the general principle on which the authorities are little short of unanimity, it being that a certificate of ac-

knowledgment must, essentially, disclose the identity of the party acknowledging and show that such party was the one who executed the instrument acknowledged? We think not. *Wartell* v. *Peters Hotel Co.* (1919), 70 Ind. App. 444, 123 N. E. 480; *People* v. *Webber* (1919), 44 Cal. App. 120, 186 P. 406; *Hayden* v. *Westcott* (1835), 11 Conn. 129; *First Nat'l. Bank v. Baker* (1895), 62 Ill. App. 154; *Salyerds* v. *Nichols* (1917), 167 N. Y. S. 50; *Pinckney* v. *Burrage* (1864), 31 N. J. L. 21; *Bowles* v. *Lowery* (1913), 181 Ala. 603, 62 So. 107.

Indulging all liberality in applying the test to the certificate attached to the instrument hereinbefore identified as No. 1 we cannot overlook the fact that in the instrument itself the mortgagors are designated, severally, Gravo Corp., Haverell Mfg. Co. and Adolph Hawerlander who subscribe themselves thereto, also severally, as Adolph Hawerlander, Haverell Mfg. Corp. and Gravo Company, Adolph Hawerlander, Pres't. while the certificate evidences the acknowledgment of Adolph Hawerlander alone. Only by the most violent of assumptions, under such a state of facts, can we disassociate Adolph Hawerlander, the individual mortgagor and Adolph Hawerlander, the individual acknowledgor or assign to that individual an authentic representative or official character that neither the instrument nor the certificate bespeaks. Although it be true that Hawerlander was the president of the corporation and that the transaction is clothed with the presumption that he was authorized and empowered to execute the instrument and to acknowledge it, in the absence of indications that the corporation itself is questioning such power and authority, so also it is true that he, as individual mort-

gagor, had like power and authority to execute and acknowledge in his individual capacity, and nowhere, in either instrument or certificate is he identified with the corporation either in an official or a representative capacity.

In the case of *Pfeiffer* v. *Cresay* (1899), 85 Ill. App. 111, where the court said, holding a mortgage invalid by reason of defective acknowledgment:

> "The mortgage does not purport to be acknowledged by Ryan and wife (principals and mortgagors), nor even by Olive Mathis for them, but only by Olive Mathis, who is described as being their duly appointed attorney in fact."

In *First Nat'l Bank.* v. *Baker, supra,* it was held that a certificate of acknowledgment of a chattel mortgage executed by a corporation was not sufficient where it certified that it was acknowledged by the secretary and president, naming them, and referring to them as "the mortgagors therein named" but not stating of what they were respectively secretary and treasurer or in any way naming the corporate grantor.

Since the certificate, read in connection with the instrument, does not identify the acknowledgor with the mortgagor Haverell Manufacturing Corporation, in an official or a representative capacity, or otherwise, we must hold it insufficient to evidence acknowledgment by that corporate entity.

It is, therefore, invalid and a nullity as to said corporation. *Guyer* v. *Union Trust Co.* (1914), 55 Ind. App. 472, 104 N. E. 82.

Upon the authority of that case and others cited therein the instrument herein designated as No. 1 would not have been entitled to recordation as the chattel mortgage of the said corporation under the statute

then prevailing which required that such instruments be acknowledged and *recorded.*

The statute at present governing requires that a chattel mortgage be acknowledged and *filed.* Does this change in terminology indicate that any lesser formality be observed than formerly? The answer must be in the negative.

In all recognized works and authorities on the subject the terms "recording," "registration," and "filing" are used interchangeably. The purpose and effect of each is the same, to give notice and to prevent fraud and deception. It has been said that the filing or recording of a chattel mortgage is a substitute for the mortgagee's possession and obviates its necessity. 10 Am. Jur. 769 et seq.; 14 C. J. S. 735 et seq.

As we view the matter the change in terminology imports only a change in the mechanics of registration. So far as the legal significance and effect of the term "filing" is concerned, in the effectuation of the intent and purpose of the present act, it remains the same as that embodied within the word "recording" used in former statutes and carries with it the same mandates as to formalities.

We must hold, therefore, that the instrument was not entitled to filing as the chattel mortgage of the said corporation and that it must be considered as never having been filed as such. (See *Kothe* v. *Kray-Reynolds Co.* [1898], 20 Ind. App. 293, 308, and 50 N. E. 594 and cases cited *supra.* See also the case of *Universal Discount Corp.* v. *Brooks, post,* p. 591).

Appellant's assertion that an instrument executed by two or more grantors and acknowledged by only one of them is entitled to recording and imports con-

structive notice is supported by a Massachusetts citation. It may be disposed of by the observation that the statutes of that state, prevailing at the time, authorized the acknowledgment of *deeds* by the grantors, *or one of them.* (Mass. Pub. St. C. 120). (Italics ours). The citation, therefore, has no application here.

Any conveyance, mortgage or other instrument which is recorded without being duly acknowledged is not constructive notice to any one. *Sinclair* v. *Gunzenhauser* (1913), 179 Ind. 78, 98 N. E. 37, 100 N. E. 376; *Bledsoe* v. *Ross* (1915), 59 Ind. App. 609, 109 N. E. 53; *Starz* v. *Kirsch* (1922), 78 Ind. App. 431, 136 N. E. 36; *Kothe* v. *Krag-Reynolds Co., supra.*

The contention that one with actual notice cannot be heard to complain of the validity and effect of a defectively or wrongfully recorded instrument is without merit in the instant case since no showing of actual notice appears by the evidence.

The purported signature of the Haverell Manufacturing Corporation subscribed to the instrument is, under the circumstances peculiar to this case, open to serious criticism, as well as is the sufficiency of the instrument to express requisite power and authority in the said Hawerlander, for reasons discussed elsewhere herein, although these questions become of little importance in the light of our conclusions which require that the instrument be rejected for other reasons. We can have no serious quarrel with the findings of the trial court thereon since there was evidence to support them.

A consideration and review of the evidence convinces us that it is sufficient to support the findings of the trial court and that the conclusions of law are in accord with this opinion.

Questions raised as to the rejection of certain proffered evidence, the same being certified copies of records of the recorder's office, are resolved against appellant as immaterial by this opinion.

Judgment affirmed.

NOTE.—Reported in 58 N. E. (2d) 372.